*Jno. B. Cochrane*, for appellee.

---

## BROWN *et al. v.* TUCKER.

*(Supreme Court of Colorado, December 4th, 1883—Error to the District Court of Lake County.)*

1.   DEMURRER RELATES BACK.   It is a rule applicable to all systems of pleading that a demurrer runs through the whole series of pleadings, and will be sustained to the first objectionable pleading.   Hence, a party, by replication, after demurrer to answer has been overruled, does not waive objections to the answer; but if demurrer to the replication be filed, the cause comes before the Court just as though demurrer to answer had been filed.

2.   SUMMONS—SERVICE BY PUBLICATION.   Service of summons by publication is at the expiration of ten days after the last publication (Sec. 42, Code) and from that date the Court is deemed to have acquired jurisdiction, and have control of all subsequent proceedings (Sec. 46). After the service of summons by publication is complete, defendant has forty days in which to answer.

3.   SAME—SAME—JUDGMENT UPON.   A judgment, in case of service of summons by publication, rendered before the expiration of forty days, is premature, and in a direct proceeding for that purpose would have to be

reversed for error. But when attacked collaterally, the judgment not being absolutely void, will stand; for, when jurisdiction has been obtained by service of process, actual or constructive, all subsequent proceedings are exercise of jurisdiction, and however erroneous are not void, but voidable only, and not subject to collateral attack.

4. SAME—SAME—PERSONAL JUDGMENT. In case of summons served by publication only, if attachment be sued out and levied upon property of defendant before judgment, a personal judgment may be rendered. It is not material whether the judgment and execution be general, or whether in the former specific mention of the property be made, and special execution ordered for the sale thereof.

5. SAME—ATTACHED PROPERTY. In such case, the statute fixes the status of the attached property (Code, 102) and requires the sheriff to retain it or its proceeds, and after judgment to enforce the lien by sale, and this not in virtue of any order of the Court, but pursuant to express words of the statute. (Code, Sec. 103.) No order of Court is necessary to preserve the lien, and the attaching officer is by the statute made responsible for the custody and application of attached property.

BECK, C. J. The questions presented by this record arise upon the pleadings, and involve the sufficiency of the answer and replication. A demurrer to the answer was overruled by the Court below, and a demurrer to the replication sustained.

The foundation of the action is a judgment of the District Court of Arapahoe county, in favor of Brown & Brother, plaintiffs in error, against one A. H. Collins, which judgment is alleged to have perfected a lien in favor of said plaintiffs upon a stock of goods owned by the defendant, Collins.

Tucker, the defendant in error, and who was also defendant below, was sheriff of Lake county, and as such officer seized the goods upon a writ of attachment issued by the District Court of Arapahoe county, in the case of Brown & Brother against Collins, and duly levied said writ thereon. After judgment in the latter action, Tucker sold the goods upon a special execution issued from the County Court of Arapahoe county, and to him directed as sheriff of Lake county, upon a junior judgment rendered by said County Court in favor of the German National Bank, of Denver, against said Collins.

Subsequently he returned an execution afterwards issued upon the judgment of Brown & Bro., *nulla bona.*

The defense set up by Tucker in his answer to the complaint in the present action, is substantially, that the judgment in favor of Brown & Bro. is void because it is a judgment *in per-*

*sonam,* rendered upon constructive service only, and also because it was entered prematurely.

The defendant likewise justifies under the special execution in favor of the German National Bank, of Denver.

So far as the replication is concerned, we have only to say that it is certainly a remarkable pleading, and in our opinion fully warrants the criticism passed upon it by counsel for defendant in error, who say: "the demurrer (to the answer) was argued at length and overruled, upon which our learned friends reduced their argument of the demurrer to writing, filed it in the cause and called it a replication."

The replication is clearly bad, but we cannot agree with defendants' counsel that this conclusion terminates our investigation, and that nothing remains but to affirm the judgment of the Court below.

The errors assigned are: First, the sustaining of the demurrer to the replication; second, giving judgment upon said demurrer for the defendant in error when upon the whole record judgment thereon should have been for the plaintiff in error.

A rule applicable to every system of pleading is, that a demurrer runs through the whole series of pleadings, and will be sustained to the first defective pleading. The objections to the answer, therefore, are not waived as supposed, by the fact that a replication thereto has been filed, since a demurrer was subsequently filed to the replication. On the contrary the sufficiency in law of the answer was legitimately raised by the filing of the last mentioned demurrer. We will therefore proceed to test the sufficiency of the answer. This involves an inquiry as to the validity of the judgment of Brown & Brother against Collins, the answer alleging fatal irregularities to have occurred in the entry of said judgment.

The objection that the judgment was prematurely entered, is based upon the facts that the only service of process upon Collins, was by the publication of the summons, the first publication of which was on the seventh of September, 1880, and the last publication thereof on the sixth of October, 1880, and that judgment by default was rendered against him on the eighteenth day of October, 1880, or twelve days after the last publication.

That the service by publication was complete, and that the District Court acquired jurisdiction of the cause before the entry of the judgment, is expressly declared by statute. When personal service cannot be made upon a defendant, section 42 of the Code requires the summons to be published in a public newspaper at least once a week for four successive weeks. The section concludes thus : "And in case of publication, the service of summons shall be deemed complete at the expiration of ten days after the expiration of the time prescribed for publication."

Section 46 provides that "from the time of the service of the summons in a civil action, the Court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings."

No distinction is made by this section, as to the manner of service of the summons upon the defendant, and the language necessarily includes service in either of the ways provided by the preceding sections.

Where service by publication is relied upon, it must be in a case, and under circumstances wherein that mode of acquiring jurisdiction is authorized by the statute, and the material requirements of the statute must be strictly complied with.

A point is made by counsel for defendant in error, that a copy of the summons was not deposited in the post-office by the clerk of the District Court, directed to Collins, at his place of residence, as required by section 42.

We cannot consider this point, for the reason that it does not properly arise in the case. The section only requires a copy of the summons to be so deposited, " where the residence of a non-resident or absent defendant is known." The answer does not allege that the residence of Collins was known, nor does it raise the objection that a copy of the summons was not deposited in the post-office.

So far then, as the objections stated in the answer are concerned, there was a literal compliance with the requirements of the statute, in respect to the service of the summons, and in the language of section 46, the Court must be deemed to have acquired jurisdiction, and to have had control of all subsequent proceedings.

But notwithstanding the foregoing conclusion, the judgment against Collins was prematurely entered. We have held in

two cases, that where service is obtained by publication of the summons, the defendant has forty days to answer the complaint after the service is complete. *Conley* v. *Morris*, 2 Colo. L. R., 452; *Skiles et al.*, v. *Baker*, 3 *ib.* 201.

This is a question of statutory construction, and was passed upon by the District Court, as appears from the recital in the judgment, that " the legal time for answering having expired," etc., etc.

In the decision of this point the Court erred, and in a direct proceeding to review the judgment it would have to be reversed for error. But the judgment is collaterally drawn into question here, and a different rule obtains, which is, that unless it is absolutely void, the error complained of is not available in this proceeding.

The decided weight of authority is to the effect that when jurisdiction has been obtained by the service of process, actual or constructive, all subsequent proceedings are exercise of jurisdiction, and however erroneous, they are not void, but voidable only, and not subject to collateral attack. Freeman on Judgments, Secs. 126, 135, 142, and notes; *Cooper* v. *Reynolds*, 10 Wall., 315.

Counsel for defendant in error take the position that the judgment is void, upon another ground, viz:

" Because it purports to be a personal judgment, rendered upon publication of process, and that the mere fact that property was attached, under our statute cannot impart any vitality to it for any purpose whatever."

The opinion of the Supreme Court of the United States in *Pennoyer* v. *Neff*, 5 Otto, 714, is cited and relied upon by counsel to sustain this position.

In our judgment it not only fails to sustain the position assumed, but shows clearly that the law is otherwise.

It is true, the Court held that the judgment brought under consideration in that case was void, but there is a marked distinction between the proceeding in that case and the proceeding in the case which we are now considering.

That was the case of a judgment recovered in one of the State Courts of Oregon, against a non-resident defendant. The action was upon a money demand, the service by publication, no attachment was sued out nor any attempt made to reach or

discover property of the debtor until after judgment. Then an execution was issued and levied upon real estate of the judgment debtor, which was afterwards sold to satisfy the judgment. It was the case of a purely personal action against a non-resident of the State, not in any manner partaking of the nature of an action *in rem*, the recovery of a personal judgment upon constructive service of process, and the subsequent attempt to subject property to the satisfaction of the judgment.

The ruling of the Supreme Court is, that it is essential to the jurisdiction of a State Court, in such a case, that the debtor have property within the State that can be applied in satisfaction of his indebtedness. Otherwise the judgment is void.

The position was assumed by counsel, in that case, that where a non-resident debtor has property within the State, it is immaterial whether the property is in the first instance brought under the control of the Court by attachment or some equivalent act, and afterwards applied by its judgment to the satisfaction of demands against its owner; or such demands be first established in a personal action, and the property of the non-resident be afterwards seized and sold on execution.

The Court say the contrary of this proposition is the law; that the jurisdiction in such case depends upon the question whether the defendant has property within the State that can be applied to the satisfaction of the demand sued for, and that it is essential to the jurisdiction of the Court, not only that this fact be made to appear, but that the property be brought under the control of the Court before judgment; that the question of jurisdiction cannot be made to depend upon facts to be ascertained after the cause has been tried and judgment rendered; the judgment cannot occupy the doubtful position of being valid if property be found, and void if there be none.

In the case now under consideration, an attachment was sued out after the institution of the suit, and levied upon a stock of goods belonging to Collins, the absent debtor, after which the action proceeded to judgment. In respect to a case of this nature, the Supreme Court, in the foregoing opinion, cite with approval the opinion of Mr. Justice Miller, in *Cooper* v. *Reynolds*, 10 Wall., 315, saying, "in the opinion there delivered, we have a clear statement of the law as to the efficacy of such actions, and the jurisdiction of the Court over them."

The judgment collaterally assailed in the latter case, was one obtained in an action of trespass, in the County Court of Knox county, Tennessee.

On the day the suit was instituted, and after the summons was issued, the plaintiff filed an affidavit for an attachment in aid of his suit, alleging therein that the defendants had fled from the State, or so absconded or concealed themselves, that the ordinary process of law could not reach them. An attachment issued and was levied upon land of one of the defendants, situated in the same county. The summons was returned "not found," and publication was ordered to be made as required by statute in such cases. Defendants failed to appear at the trial, and judgment by default was rendered against them for the sum of $25,000, the damages claimed by plaintiff, the land attached was ordered to be sold, and was afterwards sold in satisfaction of the judgment.

The statute of Tennessee authorizes an attachment in aid of a suit at law, either before or after judgment, when the debtor is about to remove, or has removed from the State, or where he absconds, or conceals himself or property.

It was held that the validity of this judgment could not be collaterally questioned, the errors assigned not affecting the jurisdiction of the Court that rendered it. That in this class of cases the levy of the writ of attachment is the essential requisite of jurisdiction, as in proceedings purely *in rem*, and that unless property is found on which to levy the attachment the Court is deprived of jurisdiction and can proceed no further.

The proceeding is spoken of as a statutory one, of a complex character, and as partaking of the nature of a proceeding *in rem*, the effect of which is to subject the property attached to the payment of the demand which may be found to be due the plaintiff. The judgment to be rendered in such proceeding is spoken of as being in form a personal judgment against defendant.

After referring to the statutory provisions concerning the issue and levy of the attachment, and the publication warning the defendant to appear, etc., Mr. Justice Miller continues: "If the defendant appears the cause becomes mainly a suit *in personam*, with the added incident, that the property attached remains liable, under the control of the Court, to answer any de-

mand which may be established against the defendant by the final judgment of the Court. .But if there is no appearance of the defendant, and no service of process on him, the case becomes, in its essential nature, a proceeding *in rem,* the only effect of which is to subject the property attached to the payment of the demand which the Court may find to be due to the plaintiff."

The judgment of the Knox County Court was sustained in the above case, and we are of opinion that if the judgment of the Arapahoe County District Court be tested by the same principles announced in the foregoing decisions, it must be held valid in this collateral proceeding.

The main feature that distinguishes this case from that of *Cooper* v. *Reynolds, supra,* so far as the objections under consideration are concerned is, that in the latter case the Court ordered the attached property to be sold in satisfaction of the judgment, whereas, in the case before us, no such order was made, but an ordinary judgment *in personam* was entered.

It must be borne in mind that this is a statutory proceeding. If the District Court has complied with the terms of the statute in respect to obtaining jurisdiction of the person and the subject matter, and in pronouncing its judgment, no authority exists for disregarding or refusing to give effect to that judgment in a collateral proceeding.

Section 91 of the civil code authorizes the plaintiff, at the time of commencing an action on contract, express or implied, or at any time before judgment, where ground for attachment exists, to have the property of the defendant, not exempt from execution, attached as security for any judgment that may be recovered in such action.

Section 93 permits the defendant by an affidavit to traverse and put in issue the matters alleged in the affidavit upon which the attachment is based.

In the absence of such traverse, or of any application to quash the writ or to discharge the attachment, the statute does not require an investigation of the truth of the allegations of the affidavit, or that the Court shall make any finding or order concerning either the attachment or the property attached. These matters are merely incidental to the action, and there

being no issue as to them the Court does not appear to have any duty appertaining thereto to perform.

The statute itself fixes the status of the attached property and gives full directions as to its custody and disposition.

Section 102 requires the sheriff to retain the property attached to answer any judgment that may be recovered in the action, with two *provisos:* one is, if the attached property be perishable he is required to sell it and retain the proceeds for the above purpose; the other is, that before judgment is obtained, the attached property or its proceeds may be subjected to execution upon another judgment recovered previous to the issuing of the attachment.

After judgment for the plaintiff the sheriff is required by the express terms of Section 103, not by the order of the Court, to enforce the attachment lien by a sale of the property attached, unless it has been released as provided by law, or subjected to execution on another judgment recovered previous to the issuing of the attachment.

The objection to the judgment, that it contains no order as to the application of the attached property, does not appear to be well taken. The decisions cited upon this point, based upon other systems of practice, and upon dissimilar statutes, cannot control. And if the rule of decision adopted by the Supreme Court of the United States, in respect to proceedings *quasi in rem* against non-residents, be admitted, viz: that only the property seized before judgment can be applied in satisfaction of the judgment, still, under our statute, the failure to make such order cannot be held fatal to the judgment in this class of cases. No mention of the attachment being made in the pleadings, no issue being tendered concerning it, and no prayer contained in the complaint as to the application of the attached property, any order of the Court respecting it would be outside the allegations of the complaint and of the issues.

In addition are the considerations that the statute requires no such order, but has vested full authority, and cast all responsibility concerning the custody and proper application of the attached property, upon the officer of the Court.

These views are sustained by the following adjudications upon a similar statute: *Low* v. *Henry*, 9 Cal., 551; *Myers* v. *Mott*, 29 Cal., 364; *Gregory* v. *Nelson*, 41 Cal., 282.

The levy of the writ of attachment in this case, being followed by judgment, and execution having issued within what was held in *Speelman* v. *Chaffee*, 5 Colo., 247, to be a reasonable time, the plaintiff's lien upon the attached property was preserved by the statute as against the special execution issued out of the County Court upon the junior judgment rendered therein in favor of the German National Bank.

We are aware that there has been a slight modification of the statute under which the question of reasonable time for the issue of an execution arose in the above cited case, but the same reasons therein mentioned still exist for adhering to the rule there announced.

The objection that a general execution was issued upon the judgment of plaintiffs in error, instead of a special execution against the property attached, is equally unavailing. The execution follows the judgment, and under it the defendant in error, as sheriff of Lake county, was fully warranted in subjecting the attached property to sale in satisfaction of the judgment.

As a result of the foregoing conclusions, we must hold that the answer filed by the defendant in error, to the complaint in this cause, is insufficient to constitute a defense to the action. The demurrer to the replication, therefore, should have been carried back and sustained to the answer.

We have not considered, in the foregoing opinion, and do not decide upon the effect of the provisions of our statute concerning constructive service of process, where property of an absent defendant is not seized pending the action, or where the property seized is insufficient to satisfy the judgment subsequently rendered.

The judgment is reversed and the cause remanded.

*Decker & Yonley*, for plaintiff in error.

*Markham, Patterson & Thomas*, for defendants in error.

► ● ◄

## CARRYING CONCEALED WEAPONS.

There is no law on the statute book so wrong in principle, so puerile in theory and so unjust in its practical workings as the present act against carrying concealed weapons.

This act prohibits any person within any town or city, in-