19  465
· 8a 212

19  465
12a 172
12a 261

## LUX, APPELLANT, v. McLEOD, APPELLEE.

1. PRACTICE—PARTIES.

Any or all persons jointly or severally liable upon the same obligation may be included in an action thereon, at the option of the plaintiff.

2. SAME.

Under the provision of the civil code, the obligee in a bond given on appeal from a justice of the peace to the county court may, if he so elects, sue the surety thereon without joining the principals; or having joined them and not having procured service of summons upon them, may proceed against the defendant served as if he were the only defendant.

3. PRACTICE—VERIFIED ANSWER.

When action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and due execution of such instrument is admitted, unless the answer denying the same be verified.

4. APPEAL BONDS.

The provisions of the statute relating to the liability of sureties upon an appeal bond enter into and become a part of the obligation.

5. SAME—LIABILITY OF SURETY.

A surety on a bond given on appeal from a justice of the peace to the county court is liable thereon for the amount of the original judgment and costs in case of a dismissal of the appeal.

*Appeal from the County Court of Pitkin County.*

THIS is an action upon an appeal bond given on appeal from a justice of the peace to the county court. The appeal was dismissed upon appellant's failure to pay the docket fee in the county court within twenty days after the approval of the bond, as required by the act of 1887, page 325. The action is brought against fourteen principals in the bond, and the appellant Lux as surety.

The complaint alleges that a judgment was rendered by the justice of the peace in favor of appellee and against the principals in the bond for the sum of $291.20 and $25.70 costs. Alleges the giving of the bond, the dismissal of the appeal, the issuance of a *procedendo* to the justice, the issue of an execution out of the justice's court and return *nulla*

*bona.* A copy of the bond is attached to the complaint. It is conditioned as follows:

" The condition of the above obligation is such that, whereas, the said Clifford McLeod, for the use and benefit of John G. McLeod, did, on the 13th day of May, A. D. 1890, before Owen Prentiss, Esq., a justice of the peace, within and for the county of Pitkin, recover a judgment against the above bounden (naming the principals in the bond) for the sum of $255.30, from which judgment the said (naming the principals) have taken an appeal to the county court of the county of Pitkin." * * *

" Now, if the said (naming the principals) shall prosecute this appeal with effect, and shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal, then the above obligation to be void, otherwise to remain in full force and effect."

The bond was signed by J. C. Moore, one of the principals, for himself, and the names of the other principals by him as their attorney in fact, and by Peter Lux as surety. A summons issued and was served upon the defendant Lux. None of the other defendants were served. The cause was set for trial August 16, 1890, by the court of its own motion. The defendant Lux appeared and moved for a continuance upon the ground that the cause was set for trial without notice, and because no service of summons was made or attempted on the other defendants. The motion was overruled and the cause proceeded to trial. Judgment was rendered against the appellant Lux for $346.94 and costs. To reverse this judgment he prosecutes this appeal.

Messrs. WILSON & STIMSON, for appellant.

Mr. GEORGE Q. RICHMOND, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

Counsel for appellant assign for error the overruling of the

motion for a continuance, but do not favor us with any argument in support of their contention that such ruling was erroneous; and we are unable to perceive wherein the ruling of the court in denying a continuance upon the ground set forth constitutes such an error as would justify a reversal of the judgment.

The action is brought upon an obligation which, by our statute, is made joint and several. Section 13 of the Code of Civil Procedure, 1887, provides:

" Persons jointly or severally liable upon the same obligation or instrument * * * may all or any of them be included in the same action at the option of the plaintiff."

And in section 42 it is provided that " Where the action is against two or more defendants, and the summons is served on one or more, but not on all of them, the plaintiff may proceed as follows: * * * Second, If the action be against defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants."

Under these provisions plaintiff had the right to sue the defendant Lux without joining the other defendants, if he so elected; or, having joined the others, and not having procured service of summons on them, might proceed against the appellant Lux as if he were the only defendant.

If it may be said that the setting of the cause for trial by the court of its own motion without notice to defendant was erroneous, the appellant in this case has failed to show wherein he was prejudiced by such action. Therefore, the objections presented by the first four assignments of error must be overruled.

The questions attempted to be raised by the further assignments of error are: *First*, The validity of the execution of the appeal bond on behalf of the principals therein. *Second*, That the condition of the appeal bond did not warrant or support a judgment for the amount of the original judgment appealed from, but only for costs in the county court. *Third*, That there was a variance between the allegations of

the complaint and the plaintiff's proofs in that the action was brought by John G. McLeod, and the complaint alleges that he, John McLeod, recovered judgment, whereas, by the recital in the appeal bond, it appears that the action in the justice's court was brought by Clifford McLeod for the use of John McLeod.

The first of these objections cannot be considered on this appeal, for the reason that the execution of the bond sued on was not put in issue by the answer. Section 62 of the Code of Civil Procedure provides, among other things—" When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and due execution of such instrument is deemed admitted, unless the answer denying the same be verified."

The only answer filed was a general denial, without verification. Therefore the due execution of the bond was admitted. The second objection is also untenable. The condition of the appeal bond was as provided in section 57 of the Justice's Act, section 1980, Gen. Stat., 1883. By section 67 of the same act, section 1990, Gen. Stat., it is provided :

" The security in any appeal bond shall be liable thereon for the amount of the original judgment and all costs thereon, in case the said appeal be dismissed; * * * "

This statutory provision entered into and became a part of the condition of the bond. " As the bond is statutory the provisions of the statute must be given consideration in determining the effect of the obligation. It is, indeed, a general rule that the law enters as a silent but influential factor into all contracts." Elliott on Appellate Procedure, § 356.

The variance relied on between the allegations of the complaint that the judgment was recovered by John McLeod, and the recital in the condition of the bond that the judgment was obtained by Clifford McLeod for the use of John McLeod, is a trivial variance. John McLeod was the party in interest and the one for whom the judgment was obtained.

Therefore, the variance was an immaterial one and in no way prejudiced the appellant.

The further contention of counsel for appellant, that the entire judgment was erroneous in not being entered against all the defendants, to be enforced against their joint property, and against the separate property of the defendant served, is based upon a misconception of the nature of the instrument sued on. It is only in case of a strictly joint obligation that the provision of the code relied on applies. As we have already seen, this obligation is both joint and several, and a separate judgment was recoverable thereon against the defendant served, under the second clause of section 42 above cited.

An examination of the record discloses no error properly presented for our consideration that would justify a reversal of the judgment of the court below, and the judgment is therefore accordingly affirmed.

*Affirmed.*