[No. 2094.]

HARTER v. SHULL.

1.  Judgments—Pleading.

In an action upon a judgment a denial of any indebtedness puts nothing in issue.

2.  Judgments—Pleading—Payment.

In an action upon a judgment, an answer alleging payment of the obligation upon which the judgment was rendered prior to the recovery of the judgment states no defense to the action.

3.  Judgments—Pleading—Fraud.

In an action upon a judgment an answer which alleges that defendant employed an attorney to conduct his defense in the action in which the judgment was rendered, and expected him to introduce in evidence a receipt for the indebtedness sued upon, and to prove the payment thereof by certain named witnesses, and that defendant is informed and believes and upon such information and belief alleges that plaintiffs colluded and conspired with his attorney whereby said attorney did not make any defense and allowed a false and fraudulent judgment to be entered against defendant, is insufficient to charge fraud in procuring the judgment, and states no defense to the action.

4. **Judgments—Collateral Attack—Fraud.**

In an action upon a judgment a defense that the judgment was procured through fraud is a collateral attack.

5. **Judgments—Collateral Attack.**

A judgment rendered by a court of competent jurisdiction cannot be collaterally attacked unless it is absolutely void. And the rule applies equally to domestic and foreign judgments.

*Appeal from the County Court of Logan County.*

Mr. W. L. HAYS, for appellant.

Mr. H. N. HAYNES, for appellees.

THOMSON, J.

The complaint in this cause, filed on the 14th day of December, 1898, alleged that on the 8th day of November, 1897, the appellees recovered judgment against the appellant on a promissory note made by him, in the district court of Sac county, Iowa, which court had full and complete jurisdiction in the cause, and that no part of the judgment had been paid. Judgment was demanded for the amount of the Iowa judgment and costs.

The defendant answered denying that he was indebted to the plaintiffs in any sum; and alleging that the obligation upon which the judgment was recovered had been paid long prior to its recovery, to one Jacob Snell, the agent of the plaintiff, who gave the defendant a receipt for the money. The answer then proceeded as follows:

"That defendant before said 8th day of November, 1897, employed one W. H. Hart, a practicing attorney in Sac City, in said Sac county, to conduct his defense to said fraudulent and pretended suit, and expected him, the said Hart, to introduce said receipt as evidence, and prove the payment of said indebtedness by the said Jacob Snell, who was a convenient witness, who was present when defendant paid said

indebtedness, and was a convenient witness to testify to said fact. That defendant is informed and believes and upon such information and belief alleges that plaintiffs colluded and conspired with said W. H. Hart whereby said Hart was not to, and did not make, any defense to said plaintiffs' false and pretended claim in said suit and allowed a false and fraudulent judgment, if any judgment there be, to be entered against this defendant.''

The plaintiffs moved for judgment on the pleadings, on the ground that the allegations of the answer did not constitute a defense to the action. The motion was sustained, and judgment entered for the amount appearing to be due. The rendition of the judgment is assigned for error.

It is not disputed that the Iowa court had jurisdiction of the subject-matter of the suit in which it rendered judgment, and of the person of the defendant; and that it had such jurisdiction, and that the judgment was never reversed, abundantly appears from the pleadings. The denial of indebtedness puts nothing in issue. The statement that the obligation upon which the Iowa judgment was recovered had been paid prior to the recovery of the judgment, is immaterial. It is not the statement of a possible defense to this action. The question of payment might have been litigated in the original suit, but the parties are concluded by the judgment. —*Hallack v. Loft*, 19 Colo. 74; *Gordon v. Johnson*, 3 Colo. App. 139.

Neither do the remaining allegations of the answer show a defense. The defendant says he employed an attorney to conduct his defense to the action brought in Iowa, and that he expected the attorney to introduce Snell's receipt in evidence, and prove the payment by Snell and another witness; but that he is informed and believes, and on information

and belief alleges that the plaintiffs colluded and conspired with his attorney, so that the attorney was not to make, and did not make, any defense to the action, and allowed a fraudulent judgment to be taken against him. Now, even if the original judgment could be attacked by answer in the present suit, a case of fraud or conspiracy is hardly stated in the pleading we are considering. Whether a transaction is fraudulent or not, is a question of law, to be determined upon the facts; and in pleading fraud, the facts from which it is a conclusion, must be set forth, and those facts must warrant the conclusion.

In this answer it is said that the defendant expected his attorney to introduce Snell's receipt, and use Snell and another, as witnesses to prove the payment; but on what the expectation was based, is not stated. It is not alleged that the defendant ever gave the receipt to the attorney, or that the attorney knew of the existence of the receipt, or knew that there were any witnesses to the fact of payment, or even knew that there was a payment. But, if the receipt was given to the attorney, there is no allegation that he did not use it, or that he did not bring the witnesses into court and examine them. That the attorney did his full duty, and obeyed every instruction of the defendant, is entirely consistent with all the allegations of fact contained in the answer. It is true that the defendant says he is informed and believes that, owing to a conspiracy between his attorney and the plaintiffs, no defense was made to the action. No person ought to be held to answer a charge of fraud which is made, not as a fact, but as a conclusion drawn from irresponsible hearsay.—11 Encyclopedia Pleadings and Practice, 1180 bb.

But even the hearsay does not purport to deal with facts. It purports simply that the attorney did

not make a defense. What is meant by that is not divulged. Whether the attorney neglected to file an answer, or, having filed an answer, failed to appear at the trial, or, having appeared at the trial, failed to offer evidence, or, having offered evidence, unnecessarily allowed it to be excluded, or, what the particular acts or omissions of the attorney were, which are supposed to warrant the complaint which is made, the hearsay on which the defendant relies, is silent.

But, conceding to the answer the force and effect intended by the pleader, it is a collateral attack on the Iowa judgment. A judgment regularly rendered cannot be collaterally questioned. In *Cochrane v. Parker,* 12 Colo. App. 169, this court, speaking through Wilson, J., said:

"A collateral attack on a judgment is in its general sense any proceeding which is not instituted for the express purpose of annulling, correcting or modifying such decree. The fact that the parties are the same and that the defendants seek to attack the decree by allegations in their answer, cannot change the rule or make the attack any the less a collateral one. It is well settled that judgments of a court of competent jurisdiction are not subject to collateral attack, unless they are void, and by void is meant that they are an absolute nullity. In support of this we need refer to no authorities outside of our own state."— See also *Brown v. Tucker,* 7 Colo. 30; *Carpenter v. Oakland,* 30 Calif. 439; *Homer v. Fish,* 1 Pick. 435, 11 Am. Dec. 218.

And the rule applies equally to domestic and foreign judgments.—*Burnley v. Stevenson,* 24 Ohio St. 474; *Dunlap v. Byers,* 110 Mich. 109.

The case of *Pearce v. Olney,* 20 Conn. 543, cited as announcing a different doctrine, does not support counsel's contention. That case was a proceeding

by injunction to restrain the further prosecution of an action at law. Olney had recovered a judgment against Pearce in the superior court of the city of New York, and had brought an action on his judgment in Connecticut. It was the further prosecution of this suit that Pearce sought to restrain. The ground on which the relief was prayed, was fraud in the procurement of the judgment. He did not seek to interpose the fraud as a defense to the action on the judgment; nor was his proceeding intended to interfere with the judgment. The injunction he sought could affect the person only. There was no collateral attack upon the judgment, and the court took occasion to affirm the general doctrine that it is not competent to a court of one state to impeach a judgment recovered in another. A similar case is *United States v. Throckmorton,* 98 U. S. 61.

The answer set forth no defense, and judgment was properly given on the pleadings.

Let the judgment be affirmed.        *Affirmed.*