Maxavell, J.
The complaint in this case alleges, that January 13, 1896, in a certain action then pending in the district court of Arapahoe county, Avherein the plaintiff in error was plaintiff and C. IT. O’Hara and Mary A. 0 ’Hara were defendants, judgment was rendered against said defendants for the sum of $500.00, together with $5.25 costs; that said judgment remains unsatisfied, and in full force and effect. That on January 19, 1899, O. H. O’Hara departed this life and Vernon McKelvey, defendant in error, was duly appointed administrator of the estate of said C. H. O’Hara, and qualified as such, and prays judgment against McKelvey for $505.25 and interest.
In the action at bar, a petition to vacate and set *132 aside the judgment, rendered January 13, 1896, against C. H. and Mary A. O Tiara, was filed by the defendant, McKelvey, which alleged the following facts: That on or about the 18th day of October, 1893, an information was filed in the district court of Arapahoe county charging C. IT. O’Hara with a crime; that the case was set for trial March 30, 1894; that said 0 ’Hara neglected and failed to appear and default was duly entered against him and his surety, Mary A. O’Hara, December 22, 1894; that on January 26, 1895, O’Hara surrendered himself to court, the order forfeiting the bond was vacated and set aside, and trial of the case set for March 7, 1895; that March 2, 1895, the trial order was vacated and a nolle prosequi entered; that on the 13th day of January, 1896, the judgment sued on in this action was taken against C. H. O’Hara and Mary A. O’Hara. The petition sets up other matters, which' might have availed as a defense in the action on the bond, wherein judgment was had against C. IT. and Mary A. O’Hara, but these matters are not material to a determination of this controversy, and will not be considered.
No answer or reply was filed to this petition, and therefore the allegations thereof stand admitted.
Upon the hearing of the petition the district court made the following ruling: “Ordered that said petition be granted and that said judgment in case No. 22005, against said C. H. O’Hara and Mary A. O’Tiara, be vacated and set aside upon the payment of all costs occasioned by the forfeiture of a certain bond in the criminal division of this court, in the criminal case against C. H. O’Hara, and that this cause be thereupon dismissed at the cost of said plaintiff.”
Briefly stated, the facts are: a judgment in a civil action was taken against O ’Tiara ■ on the for *133 feited bond; the administrator of the estate of O’Hara, defendant in error here, is sued upon this judgment, and in this suit upon the judgment, he filed a petition asking that the judgment sued on be set aside.
The petition in no manner attacks the jurisdiction of the court to render the judgment sued on in this action. It must, therefore, be presumed that the district court had jurisdiction of the person of the defendant, and of the subject-matter, and that its proceedings were regular, and this presumption is conclusive until the contrary is made to appear.— Brennan v. State Bank, 10 Colo. App. 368-373.
The ruling of the district court granting the petition and dismissing the cause is assigned as error upon the grounds:
1. The judgment sued on being the judgment of a court of general jurisdiction, cannot be attacked except in a direct proceeding, unless the judgment is void. — Brown v. Tucker, 7 Colo. 30; Hughes v. Cummins, 7 Colo. 138, 203; Rawles v. People, 2 Colo. App. 501-6; Cochrane v. Parker, 12 Colo. App. 169-174.
In Brown v. Tucker, supra, our supreme court has said:
£ £ The decided weight of authority is to the effect that, when jurisdiction has been obtained by the service of process, actual or constructive, all subsequent proceedings are exercise of jurisdiction, and however erroneous, they are not void, but voidable only, and not subject to collateral attack.”
2. The proceeding by petition is a collateral attack upon the judgment sued on, and cannot be maintained.
In Cochrane v. Parker, supra, the court below sustained a demurrer to defendant’s answer, which, in substance, questioned the validity of the judgment of reversal rendered by the supreme court in favor of *134 a party deceased at the date of the rendition of the judgment. Judge Wilson, speaking for the court, said:
“It will he seen that this is a collateral attack on a judgment of another court. A collateral attack on a judgment is, in its general sense, any proceeding which is not instituted for the express purpose of annulling, correcting or modifying such decree. The fact that the parties are the same and that the defendants seek to attack the decree by allegations in .their answer, cannot change the rule or make the attack any the less a collateral one. It is well settled that judgments of a court of competent jurisdiction are not subject- to collateral attack, unless they are void, and by void is meant that they are an. absolute nullity. In support of this we need to refer to no authorities outside of our own state. — Brown v. Tucker, 7 Colo. 30.”
Therefore, the conclusive presumption existing that the judgment was taken after due service of process, and that it is in all respects valid, being the judgment of a court of general jurisdiction, no question as to the jurisdiction of the court being raised by the petition, our conclusion is, that the petition is a collateral attack upon the judgment, and under the well settled rule, cannot be maintained.
Counsel for defendant in error confidently relies upon Du Bois v. Clark, 12 Colo. App. 220, in support of his position that the proceeding by petition in this case is not a collateral, but a direct, attack upon the judgment.
An exámination of the facts in the Du Bois case will show that case to be clearly distinguishable' from the case under consideration, and it cannot be held an authority in support of the contention of counsel for defendant in error. In the Du Bois case, Du Bois moved the court in the cause in which the judgment *135 had been rendered, to vacate the judgment, as against him, on the grounds that no summons or other process was served upon him in the action; that he had no knowledge or notice of the pendency of the action or opportunity to defend himself against it, and that he never appeared or authorized any attorney or other person to appear in his behalf, in the suit. The niotion was supported by his own affidavit and the affidavits of others. He stated in his affidavit that the return of the service of summons upon him and the appearance of attorneys for him in the-action were wholly unknown to him, until a few days before the filing of the motion. Thus it appears, in the Du Bois ease, that there was a direct attack upon the jurisdiction of the court, and if the facts averred in the motion were true, the judgment would be brought clearly within the definition of a void judgment. In the case at bar, the petition was not filed in the case in which the judgment was rendered, no question is raised by the petition as to the service of summons on 0 ’Hara or the jurisdiction of the court, and there is no averment in the petition that he had no knowledge or notice of the pendency of the action, or opportunity to defend himself against it, for all of which reasons the Du Bois case is clearly distinguishable from the case at bar.
We conclude, therefore, that the proceeding by petition in this case is a collateral attack on a judgment entered by a court of .general jurisdiction in another cause, and cannot be maintained, for which reason the judgment must be reversed and the cause remanded. Reversed.