## McMichael v. Groves et al.

1. Practice in Supreme Court — Effect of a Dismissal of a Writ of Error or an Appeal Under Different Statutes.— Prior to 1887 the dismissal of a writ of error or an appeal by the supreme court, without express affirmance of the judgment, operated, regardless of the ground relied on, as a nonsuit in the former instance and a discontinuance of the particular appellate proceeding in the latter.

2. Same.— But under the statute of 1887, in causes brought up for review from the district court, unless the order of dismissal expressly reserves the right, the judgment stands affirmed, and a further review, either by appeal or by error, cannot be had.

3. Dismissal of Appeal Without Prejudice.— When an appeal is dismissed without prejudice, appellant's right to a writ of error at any time within three years from the rendition of judgment remains.

4. Liability of Sureties on Appeal Bond.— But unless plaintiff in error procures his *supersedeas* within thirty days after the date of dismissal of his appeal, the sureties upon his appeal undertaking become liable thereon as in case of affirmance.

*Error to District Court of Chaffee County.*

Motion to dismiss writ of error.

The facts are sufficiently stated in the opinion of the court. The statutory provisions of the Civil Code, adopted in 1887, referred to, are as follows:

" Sec. 397. The dismissal of an appeal may, by order of the court, be made without prejudice to another appeal or writ of error; but, unless another appeal or *supersedeas* be taken or allowed within thirty days after such

dismissal, the dismissal of an appeal or writ of error shall operate as an affirmance of the judgment of the trial court, so as to make the sureties upon the undertaking given by the appellant or plaintiff in error liable on such undertaking."

" Sec. 406.   Writs of error shall lie from the supreme court to every final judgment of any court of record in this state."   *   *   *

" Sec. 401.   A writ of error shall not be brought after the expiration of three years from the rendition of the judgment complained of."   *   *   *

And section 402 provides for the issuance of a *supersedeas* in connection with the writ of error, when ordered by the court, or, if in vacation, by some justice thereof, upon giving a bond provided for in such order.

Messrs. SAM P. ROSE and M. G. CAGE, for plaintiff in error.

Mr. C. S. LIBBY, for defendants in error.

CHIEF JUSTICE HELM delivered the opinion of the court.

McMichael prosecuted his appeal from a decree rendered against him in the court below.   That appeal was dismissed by this court, but no order was entered that such dismissal should be without prejudice to another appeal or a writ of error.   Subsequently, and after the expiration of more than thirty days. from the date of dismissal, he sued out the present writ of error, which was by order of the court, and upon the filing of his bond, duly made a *supersedeas*.   The motion now presented is to dismiss the writ of error and discharge the *supersedeas*.

Prior to the year 1887, the dismissal of a writ of error or an appeal, without express affirmance of the judgment, operated, regardless of the ground relied on, as a nonsuit in the former instance, and as a discontinuance

of the particular appellate proceeding in the latter. *Freas v. Engelbrecht*, 3 Colo. 377; *Monti v. Bishop*, id. 605.

Section 397 of the present Civil Code introduces a new rule upon this subject. It provides that "the dismissal of an appeal may, by order of the court, be made without prejudice to another appeal or writ of error." That is, unless the order of dismissal expressly reserves the right, the judgment stands affirmed, and a further review, either by appeal or by error, cannot be had. This is the obvious design and consequence of the provision; for it would be idle to declare that the dismissal may by order be made without prejudice, if the intention was to allow a second appeal or a writ of error, the order being silent with reference thereto. And since, at least as to district courts, no constitutional inhibition forbids, effect must in the present case be given to the legislative intent. Under the foregoing view the statute before us does not take away the right to a writ of error conferred by section 406 of the same act. Upon entry of the final judgment in any court of record, the unsuccessful party may take his writ. If, however, he elects to present his case by appeal instead, he voluntarily hazards a review by error; such hazard resting upon the contingency that his appeal may be dismissed without the saving clause relating to prejudice.

When an appeal is dismissed without prejudice, appellant's right to a writ of error at any time within three years from the rendition of judgment remains. See secs. 401, 406, Civil Code. But availing himself of this privilege does not stay proceedings in the trial court pending the review. If he wishes to accomplish this result he must procure a *supersedeas;* and here again, section 397, above mentioned, introduces an important qualification hitherto unknown to the law. Unless plaintiff in error procures his *supersedeas* within thirty days after the dismissal, its functions are materially curtailed;

for the sureties upon his appeal undertaking nevertheless become and remain liable thereon as in case of affirmance.

The statutory provision under consideration is in some respects anomalous, but its language is reasonably plain, and the courts may not, by construction, change its effect.

We are obliged to sustain the motion before us. Since the appeal was not dismissed "without prejudice," the writ of error did not lie. This proceeding is accordingly dismissed, and, in pursuance of such dismissal, the *supersedeas* must, of course, be discharged.

<div align="right">

*Writ of error dismissed.*