ROCKWELL, SURVIVING PLAINTIFF, AND HURD, SURVIVING EXECUTOR, ETC., v. DISTRICT COURT OF LAKE COUNTY, AND THE JUDGE THEREOF.

1. EXECUTION UPON JUDGMENT AFFIRMED.—When a judgment has been affirmed and the cause remanded by the supreme court to the court wherein the judgment was originally rendered, accompanied by a mandate showing such affirmance, the general rule is that the prevailing party is entitled to have execution issue upon such judgment from the court thus reinvested with the custody of the record.

2. OFFICE OF APPEAL BOND.—An appeal bond is not a substitute for the judgment appealed from; it serves to suspend the enforcement of the judgment pending the appeal; and the judgment creditor receives it as security for his judgment, not in satisfaction of it.

3. WHEN ORIGINAL JUDGMENT NOT MERGED, EXECUTION MAY ISSUE.— When a judgment has been affirmed by the supreme court on appeal, and an action on the appeal bond has been prosecuted to judgment, which latter judgment is appealed from and so pending in the supreme court : *Held*, that the original judgment is not merged in or extinguished by the judgment upon the appeal bond, so as to prevent execution upon the original judgment.

4. RES JUDICATA—QUASHING EXECUTION.—The doctrine of *res judicata* is applicable only to those judgments, decrees, orders or rulings of record which are so far material and final that a review thereof may be had through the ordinary procedure provided, such as appeals or writs of error; and the granting or refusing of other applications or motions does not necessarily prevent a subsequent renewal thereof upon the same or different grounds where jurisdiction over the subject-matter remains in the same tribunal. In this state, no appeal lies from, or writ of error to, an order of the district court quashing an execution.

## Original Application for Writ of Certiorari.

IN this proceeding the petition of Rockwell and Hurd shows in substance that in December, 1887, petitioners obtained a judgment in the district court of Lake county against Butler and Wright; that said judgment was brought to this court by appeal; that in December, 1889, said judgment was in all things affirmed by this court; and that a proper mandate from the supreme court showing such affirmance was duly issued and filed in the office of the clerk of the district court about the month of May, 1890.

The petition further shows that said cause was thereafter taken to the supreme court of the United States by writ of error, said writ being made a supersedeas, and that the United States supreme court in January, 1891, dismissed the same for want of jurisdiction.

The petition further shows that on July 31, 1891, petitioners applied for and obtained an execution from the clerk of the district court of Lake county upon the judgment so

obtained in December, 1887, as aforesaid; and that afterwards and on August 11, 1891, on motion of said Butler said execution was by said district court recalled and quashed. It further appears that on September 10, 1891, petitioners obtained an alias execution upon said judgment which alias execution was, afterwards and on September 25, 1891, by said district court recalled and quashed on motion of said Butler.

The petition further shows that the grounds upon which said Butler procured the recalling and quashing of said executions were in substance as follows:

That petitioners had theretofore brought suit upon the appeal bond executed by said Butler and Wright and their sureties for the appeal of the judgment of December, 1887, to the supreme court of the state as aforesaid, alleging in their complaint upon said appeal bond that said judgment had been duly affirmed by the supreme court as aforesaid. That said Butler and his sureties had answered said complaint, in which, among other things, they had averred "that said judgment had not been duly affirmed by the said supreme court, and that no hearing or argument had been heard by or before said supreme court as the constitution and laws of said state and the laws of the land require," etc. That upon issue joined upon said complaint and answer, said cause was tried, resulting in a finding and judgment in favor of the petitioners and against said Butler and his sureties for the amount of the original judgment and costs with interest thereon to the date of said last mentioned judgment; and that said judgment upon said appeal bond was rendered before either of said executions was issued upon the original judgment as aforesaid. That said Butler and his sureties had prayed and obtained an appeal from said last mentioned judgment to the supreme court of the state of Colorado, and had given another appeal bond duly conditioned, etc., and that said last mentioned appeal is now pending and undetermined.

On October 1, 1891, application was made to this court in

this proceeding for a writ of certiorari to the district court of Lake county and the judge thereof, for the purpose of reviewing and correcting the action of said district court in the matter of quashing said executions; and thereupon an order to show cause why said writ should not issue was granted by this court directed to said court and judge.

The respondents appear and demur to the petition on the ground that the same does not state facts sufficient to entitle the petitioners to the relief demanded, nor to a writ of certiorari as therein prayed for. The remaining facts will sufficiently appear in the opinion.

Mr. L. C. ROCKWELL, for petitioners.

Mr. H. RIDDELL and Mr. HUGH BUTLER, for respondents.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The appropriateness of this proceeding as a remedy for the grievance complained of is not questioned. The argument of respondents upon the demurrer is directed to the merits of the application. Thus the record presents for determination the single question: Are petitioners under the facts and circumstances stated in their petition entitled to execution upon their original judgment?

When a judgment has been affirmed and the cause remanded by the supreme court to the court wherein the judgment was originally rendered, and when the mandate of the appellate court showing such affirmance has been duly filed in the office of the clerk of the lower court, the general rule is that the prevailing party is entitled to have execution issue upon such judgment from the court thus reinvested with the custody of the record. This is the rule of the common law, and in this state, the express command of the statute. Freeman on Executions, secs. 13, 32; Code, sec. 399. But it is contended that an exception to the rule exists in this

case. The exception is sought to be maintained upon several grounds which will be noticed in their order.

1. It is claimed that the original judgment is merged in the judgment upon the appeal bond; or, in other words, that by accepting and obtaining judgment upon the appeal bond the original judgment has been extinguished. It is scarcely necessary to discuss at length the familiar doctrine of merger —the absorption of the less by the greater. Undoubtedly, the appeal bond has been merged in the higher security of the judgment rendered thereon. But, even if it be conceded that a judgment upon a judgment merges the former judgment in the latter, the concession is not conclusive of the present controversy, since no judgment has been rendered or action brought upon the original judgment.

One of the strongest reasons why a judgment upon a judgment in the same jurisdiction, and especially in the same court, should be held to merge the former judgment in the latter, is, that otherwise the debtor might be subjected to increased costs and expenses by successive judgments, and harassed without limit by a multiplicity of record liens, executions, and other supplementary proceedings for the satisfaction of a single indivisible demand against the same party without any corresponding benefit to the creditor. Freeman on Judgments, sec. 216. But such consequences could not be entailed upon the debtor to the same extent by obtaining judgment upon an appeal bond, even though thereafter the original judgment should continue in full force and effect; besides, the judgment upon the appeal bond would give the creditor the additional benefit of execution or other relief against the surety.

It is easy to demonstrate that a judgment upon an appeal bond under our practice does not have the uniform effect of extinguishing the original judgment. For example: Suppose for any reason in an action upon an appeal bond, as by a failure to produce evidence, a judgment of *nil capiat* should be rendered against the plaintiff, would he thereby lose all remedy upon his original judgment also? Again, suppose a

judgment relating to a freehold should be appealed from and affirmed, would a judgment upon the appeal bond destroy the effect of the original judgment as a muniment of title? Examples of this kind might be multiplied. But when the bond is given to secure a money judgment merely, the question is not so easily disposed of, and must be considered and determined upon principle, as there are no adjudications precisely in point—at least, none have been cited in argument.

2. An appeal bond under our practice has a twofold office: It serves to suspend the enforcement of the judgment pending the appeal, thus giving the appellant an opportunity to have the judgment reviewed, and reversed if he can show the same to be erroneous. It serves, also, to give the appellee additional security for his debt in case the judgment be affirmed or the appeal dismissed. The term *debt* is here used in the sense that a judgment is a debt of record. 2 Blackstone's Com. 465; Freeman on Judgments, sec. 217.

In order to obtain an appeal the statute provides, *inter alia*, that the appellant shall give bond with *surety*, " conditioned for the payment of the judgment, costs, interest, and damages in case the judgment shall be affirmed." The statute further provides that " the obligee in such bond may at any time on a breach of the condition thereof have and maintain an action at law, as on other bonds." Code, sec. 388. The statute recognizes the judgment as the principal debt, and the judgment debtor as primarily liable, though as between the obligors and obligee all the obligors are equally liable upon the bond itself. *Anderson v. Sloan*, 1 Colo. 487.

The appeal bond is a conditional obligation whereby the obligors covenant to pay the judgment upon the happening of a contingent event, to wit, the affirmance of the judgment. If the judgment be affirmed the obligation to pay becomes absolute. It is conceded that the payment, satisfaction, or discharge of the original judgment would relieve the obligors from liability. But the judgment debtor being primarily liable, it would seem to be contrary to all the analogies of the law that a judgment upon the appeal bond against the

sureties, or against the debtor and his sureties, *without satisfaction* should operate to satisfy the unpaid original judgment against the principal debtor. *Chipman v. Martin*, 13 Johns. 240 ; *Bank of Chenango v. Hyde*, 4 Cowen 567 ; *White v. Smith*, 33 Pa. St. 186 ; *United States v. Hoyt*, 1 Blatchf. 326.

The judgment creditor by force of the statute receives the appeal bond as *security* for his judgment ; he is not required to accept it in *satisfaction* of his judgment. In case of a breach of the condition of the bond, the statute authorizes the obligee to *maintain an action* thereon—not merely to bring an action, but to maintain it,—that is, to recover judgment upon it ; and this authority is given to the obligee without condition—without requiring him to relinquish any right upon the original judgment. There is nothing in the language of the statute to indicate that the action upon the appeal bond was intended as an alternative, rather than a cumulative remedy.

3. An appeal bond is in no sense a substitute for the judgment appealed from. It operates to suspend the enforcement of the judgment for a limited time; but it does not take the place of, nor nullify the judgment. On the contrary, notwithstanding the appeal bond, the judgment may be affirmed and thus all barriers to its enforcement may be removed. In that case does the appeal bond become void and without force or effect? Clearly not; it then becomes for the first time an available security for the payment of the judgment. While the enforcement of the judgment is suspended by the appeal, the bond is but a contingent security, and appellee can have no remedy upon it. It is only when the original judgment becomes enforceable by affirmance, or by the failure of the appeal, that appellee can resort to his action upon the bond. Thus, it is apparent that the appeal bond is not a substitute for the original judgment. Its vitality depends upon the survival of the judgment. Its fate is inseparably linked with the judgment. If the judgment be reversed, the obligation of the appeal bond becomes void ; if the judgment be affirmed, the obligation remains in full force and effect.

Such, in substance, is the language,—such is the legal tenor and effect of the bond.

4. In some states by statute it was formerly provided that upon the levy of an execution the defendant might give a forthcoming or delivery bond, and thus have the levy released or discharged; that such bond when forfeited should have the force and effect of a judgment upon which execution might issue; and that the levy of an execution of the latter kind could not be thus released or discharged. Under such procedure, it has been held that the original judgment was merged in, or extinguished by, the statutory judgment based on the giving and forfeiture of the bond. *Chitty et al. v. Glen,* 3 Monroe (Ky.) 424; *Whiting v. Beebe,* 12 Ark. 548; *Frazier v. McQueen et al.,* 20 Ark. 68; *Brown v. Clark,* 4 Howard (U. S.) 4; *Bank of U. S. v. Patton,* 5 Howard (Miss.) 287.

Our criminal code, Mills' Ann. Stats., sec. 1473, contains a provision whereby a judgment imposing a fine or costs for a criminal offense, may be replevied by the giving of a certain kind of recognizance. Such replevin recognizance is in many respects similar to the forthcoming or delivery bonds above referred to. The replevin recognizance is an engagement to pay absolutely within a definite period without further litigation; it is entered of record before the court by one or more good and sufficient freeholders; it has the force and effect of a judgment and creates an immediate lien upon the property of the parties acknowledging the same; and execution may issue thereon without the previous issue of a *scire facias.*

It will be readily observed that there is little or no analogy between the replevin recognizance in criminal cases and the appeal bond in civil actions. The appeal bond, as we have seen, is a conditional not an absolute obligation; it is not given to end litigation, but rather for the purpose of continuing it; on the part of appellant it is given not so much to secure the payment of the judgment as to enable him to overthrow it; it is not entered of record; it creates no lien upon the property of those signing it; and the only

remedy it gives is that the obligee may bring another suit upon it by assuming the burden of proof in respect thereto. At best it gives a cause of action which may be the subject of further controversy, as is illustrated in the present case. It is unnecessary to further contrast these provisions. It is manifest that an appeal bond in civil actions under our law does not have the force or effect of a judgment like the forthcoming or delivery bond in other states; nor is there any legal or equitable consideration why a judgment upon it should be held to extinguish the original judgment.

5. In Iowa it was provided by statute that when a judgment was affirmed by the supreme court the appellee might at his election have an affirmance with an order directing a *procedendo* for the enforcement of the judgment of the district court as though no appeal had been taken; or he might have a new judgment rendered by the supreme court against the appellant and his sureties upon his *supersedeas* bond for the amount of the judgment, etc. In the case of *Swift v. Conboy*, 12 Ia. 444, it was held that when the appellant elected to take the latter course, the judgment of the lower court became merged in the new judgment rendered by the supreme court. This doctrine does not militate against, but rather fortifies, the view we have taken. In the Iowa case by the appeal the record was transferred into the supreme court. Appellee chose to retain it there. There was no *procedendo*, no *remittitur*, no remanding of the cause, no mandate to the district court showing the affirmance of the judgment, and, hence, no reinvesting of the lower court with the custody of the record. Freeman on Executions, *supra*. In the case now before us the petition shows that no new judgment was rendered in the appellate court; the judgment was simply affirmed and the cause remanded; and petitioners have not at the present time any other judgment than the original one remaining of record in the district court upon which execution can issue. Unless they can enforce such original judgment, the only benefit they have gained

by its affirmance, or by the appeal bond thus far, is the privilege of further litigation.

6. Another ground upon which it is contended that execution should not issue upon the original judgment is that by appealing from the judgment upon the appeal bond, the issue as to the affirmance or non-affirmance of the original judgment is still pending and undetermined, and that until the determination thereof it would be illegal and inequitable to allow execution to issue. It is true, the petition in this case shows that in the suit upon the appeal bond the defendants pleaded that the original judgment had not been duly affirmed by the supreme court. But the petition does not admit the truth of such plea, nor does it admit any facts tending to show such plea to be true. On the contrary, it is expressly averred in the petition that said original judgment was in all things duly affirmed, and that a proper mandate showing such affirmance was duly issued and filed in the court below as required by the statute. The averments last mentioned are conclusive against the truth of the plea in the action upon the appeal bond. Such plea was no more than a plea of *nul tiel* record which puts in issue only the existence of the record. *Bennett v. Morley*, 10 Ohio, 102. The defendants could not under such a plea by any amount of evidence overcome matters properly shown by the record of the supreme court. This court alone has jurisdiction to determine questions relating to the validity and effect of its own records, subject to the supreme court of the United States in proper cases. The petition shows that the United States supreme court refused to entertain jurisdiction of the first appeal. If by the mere tendering of such an issue in an action upon an appeal bond, execution might be stayed upon the original judgment, the benefit of an appeal bond as security to the appellee would be greatly impaired, if not altogether destroyed. This would certainly be contrary to the purpose and intent of the statute providing for such securities, and would not be in furtherance of justice or equity.

*Marysville v. Buchanan*, 3 Cala. 212; *Dihrell v. Eastland*, 3 Yerger, 507.

The position assumed by counsel for respondents may be summarized as follows : When a creditor obtains judgment, the debtor by giving bond may suspend the enforcement of the judgment pending the appeal. If a reversal be secured, both the judgment and the appeal bond will be held for naught. If the judgment be affirmed, the creditor may have execution upon the original judgment ; or, he may have his action upon the bond ; but he cannot pursue both remedies. If he brings an action upon the bond, he shall be held to have abandoned his original judgment. But may the creditor have immediate judgment and execution upon the bond ? Oh, no ; if action be brought upon the bond, the debtor and his sureties may interpose any kind of defense, and if defeated, may take a second appeal ; and still the creditor shall not have execution upon the original judgment. With due respect for the able argument of counsel in support of this view, we cannot adopt it. After much deliberation, we are of opinion that petitioners are entitled to have execution issued upon their original judgment. The demurrer to the petition must therefore be overruled.

Under the stipulation of counsel in open court that the merits of the controversy herein should be heard and determined upon the petition and demurrer aforesaid the same as though the writ of *certiorari* had actually issued, the several judgments of the district court quashing the executions upon petitioners' original judgment, as stated in their petition, are reversed.

### ON REHEARING.

Per Curiam. Two propositions only are urged in support of the present application. The first is that the supreme court commission was an illegal body and hence the judgment upon which the execution under consideration issued was not legally affirmed. Upon the authority of *De Votie v. McGerr*, 14 Colo. 577, and *Butler v. Rockwell*, *post*, p 290,

the constitutional question is not involved and need not be further considered.

The second proposition rests upon a legal contention not noticed in the opinion heretofore filed. It is insisted that the ruling of the court below in quashing the first execution is *res judicata*, and that therefore this court cannot inquire whether error was committed in ruling upon the second execution which shared a similar fate. Counsel contend that the correctness of these judicial rulings could only be questioned by *certiorari* or by some other proper proceeding to review the order upon the first execution.

The doctrine of *res judicata* is applicable only to those judgments, decrees, orders or rulings of record which are so far material and final that a review thereof may be had through the ordinary procedure provided, such as appeals or writs of error. The granting or refusing of other applications or motions does not necessarily prevent a subsequent renewal thereof upon the same or different grounds where jurisdiction over the subject-matter remains in the same tribunal. A dignified and orderly procedure has undoubtedly prompted the recognition by courts of the rule forbidding repeated applications to rehear motions of the latter class on grounds previously urged. But this rule is not based upon the principle of *res judicata;* and the entertainment of such renewed applications is purely discretionary with the court. A proper respect for judicial announcements has led to the established practice of submitting a preliminary petition to the court for leave to renew the motion denied. But the court itself may waive this rule of procedure; and if without objection it entertains the motion challenging its former ruling and reconsiders the same on the merits, its action will be treated as if such preliminary leave had been granted. Freeman on Judgments (3d ed.), sections 325 and 326.

In this state, no appeal lies from, or writ of error to, an order of the district court quashing an execution. True, there is a statutory method whereby this court can consider

rulings made below upon incidental matters subsequent to
final judgment through an appeal from or writ of error to the
final judgment itself.    See Session Laws, 1889, p. 73, amend-
ing sec. 78 Code.    But this remedy is not available to a party
who is satisfied with the judgment, and who only asks the
privilege of collecting the same in the manner provided by
law.    The ordinary methods of review do not apply to such
rulings as the one now under consideration.

Both of the executions under consideration issued from
the same court, and both rulings quashing these executions
were made by the same judge at the same term; the judg-
ment is in full force, hence it was not the purpose nor effect
of either execution to revive a dormant judgment.    We do
not think the doctrine of *res judicata* applicable; and since
the court raised no objection to the form of the proceeding,
such objection, if any there was, will be treated as waived.

It has already been observed in the opinion heretofore
filed that no question is made as to the regularity or propri-
ety of considering by *certiorari* the various matters sub-
mitted.

The judgment of this court reversing the several judg-
ments of the district court must be adhered to as directed by
the foregoing opinion.

*Reversed.*