WILSON v. WELCH.

1. PRACTICE—WAIVER.
An objection that there is a defect of parties defendant is waived by going to trial without obtaining a ruling thereon.

2. OBLIGATIONS—PARTIES.
The code provision that persons jointly or severally liable upon the same obligation or instrument may all or any of them be included in the same action, at the option of the plaintiff, applies to actions on appeal bonds, and a surety on such a bond may be made the sole defendant to an action thereon.

3. DISMISSAL OF APPEAL—AFFIRMANCE.
The dismissal of an appeal by this court for want of prosecution operated to affirm the judgment appealed from, and the liability upon the appeal bond is the same as if the judgment had been directly affirmed.

4. PRACTICE—CONDITIONAL LIABILITY.
Where the duty of the defendant to pay is conditional, the existence of the condition upon which the liability depends must be shown before the plaintiff is entitled to recover. It devolves upon the plaintiff in an action against a surety on an appeal bond to prove nonpayment of the judgment, when such nonpayment constitutes the breach alleged.

*Appeal from the County Court of Arapahoe County.*

Mr. FRED L. SHAW, for appellant.

No appearance for appellee.

THOMSON, J., delivered the opinion of the court.

This suit was brought before a justice of the peace by Andrew Welch against George W. Wilson, upon an appeal bond executed by Byron L. Miller, Edwin J. Miller, and

Oliver B. Merrill, as principals, and C. F. Cabeen and George W. Wilson as sureties, and conditioned as follows: "Whereas, the said Andrew Welch did, on the twenty-seventh day of May, A. D. 1893, at a term of the district court then being holden within and for the county of Park and state of Colorado, obtain a judgment against the above bounden Byron L. Miller, Edwin J. Miller, and Oliver B. Merrill, for the possession of the horse replevined, and for the sum of one hundred and fifty-one dollars damages, and costs of suit, from which judgment the said Byron L. Miller and Oliver B. Merrill have prayed for and obtained an appeal to the court of appeals of the state of Colorado : Now, if the above bounden Byron L. Miller, Edwin J. Miller, and Oliver B. Merrill, shall prosecute said appeal, and shall, moreover, pay the amount of the said judgment, costs, interest, and damages rendered and to be rendered against them, the said Byron L. Miller, Edwin J. Miller, and Oliver B. Merrill, in case the said judgment shall be affirmed in the said court of appeals, then the above obligation to be null and void; otherwise, to remain in full force and virtue." The appeal was not prosecuted, and it was dismissed by this court for failure to file a transcript of the record. The defendant appeared before the justice and moved to dismiss the cause because the other obligors were not made parties defendant. The justice denied the motion, and rendered judgment against the defendant, from which he appealed to the county court. In the latter court no action seems to have been taken on the motion, and the record does not indicate what became of it. Upon the trial in the county court the plaintiff had judgment, from which the defendant prosecutes this appeal.

The errors alleged are that the cause was tried without any disposition of the motion to dismiss, which counsel styles a "plea in abatement;" that the action did not lie against Wilson alone; and that the judgment was rendered upon insufficient evidence. The record does not show that the defendant insisted upon his motion; and, by going to trial without previous ruling upon it, he waived it. But there was

no merit in the motion, and, if he had been heard, it must have been overruled. Section 13 of the code provides that persons jointly or severally liable upon the same obligation or instrument, may all or any of them be included in the same action, at the option of the plaintiff. This provision applies to actions on appeal bonds. *Lux v. McLeod*, 19 Colo. 465. The suit was therefore properly brought against this defendant alone. The evidence at the trial consisted of the judgment in the case against Miller and others; the appeal bond, to which the name of the defendant was subscribed as surety; the judgment of this court, dismissing the appeal for failure in its prosecution, and awarding damages and costs to the appellee; an execution and a fee bill from this court for the damages adjudged and the costs of the appeal; and an execution on the judgment appealed from, issued upon a remittitur from this court after the dismissal of the appeal, for the amount of the judgment and costs. There was no return upon either of the executions or the fee bill. There was no other evidence. Upon this evidence the court rendered judgment against the defendant for the amount of the original judgment, and also of the judgment and costs in this court. The defendant is here by appeal. We do not think the evidence warranted the judgment. The dismissal of the appeal operated to affirm the judgment, and the liability upon the bond is the same as if the judgment had been directly affirmed by this court. *McMichael v. Groves*, 14 Colo. 540; *Shannon v. Dodge*, 18 Colo. 164. There was no proof that the money which the bond was given to secure had not been paid by the appellants, Miller and others, who were the principal obligors. In the case of contracts for the absolute and unconditional payment of money, payment is a defense, and nonpayment need not be proven by a plaintiff to establish his cause of action; but, where payment is conditional, the rule is otherwise. In such case the existence of the condition upon which the liability depends must be shown before the plaintiff is entitled to a recovery. If this case had been commenced in a court-of record, a complaint would have been necessary,

and the complaint must have alleged, as a breach of the conditions of the bond, not only the failure to prosecute the appeal, but the further failure of the appellants to pay the amount of the judgment, costs, interest, and damages; otherwise a cause of action would not have been stated. And the allegation of nonpayment, being material and necessary, must have been supported by evidence, or a cause of action would not have been proved. This suit was brought in a justice's court, where no written pleadings are required, and there were none; but the fact that there were no written pleadings did not authorize a recovery upon any less evidence than would have been necessary otherwise. If the executions and fee bill had been returned unsatisfied, the return would perhaps have been, *prima facie*, sufficient evidence of nonpayment; but they showed no return. They were evidence of the fact of their issuance, but further than this they were not evidence of anything.

There are no presumptions by which the plaintiff's case can be aided, and, as the evidence produced did not authorize the judgment, it must be reversed.

*Reversed.*