[No. 7657.]

NATIONAL SURETY COMPANY v. SCHAFER ET AL.

1. STATUTES—*Construction*—A statute is to be interpreted by a consideration of the whole and every part thereof. The occasion and necessity of the enactment, and the mischief to be remedied, are to be borne in mind; it is to be presumed that the legislature intended what is reasonable and just, and not what is absurd and oppressive. And it is to be remembered that what is apparently within the letter of the act, is not within the statute unless evidently intended. (60)

2. APPEAL BOND—*Appeal Dismissed—Liability of Surety*—The power of the supreme court to suspend execution of a judgment by awarding a supersedeas is not limited by the provisions of the code, § 422. (64)

An appeal from a judgment of the district court had been dismissed. More than thirty days thereafter, on error brought to the same judgment, this court awarded a supersedeas, and the bond required by the statute was given. Later, on application of the creditor, the district court, acting under § 422 of the code, entered judgment on the appeal bond, against the surety therein, for the full amount of the judgment

and interest. Considering the absurdity and injustice of a construction of the code provision which would impose absolute liability upon the surety, when this court might, in the exercise of its unquestioned jurisdiction, vacate the judgment which was the sole ground of the creditor's right, and the surety's liability, *held*, that the judgment of the district court upon the appeal bond was error. (62, 63)

*Error to Lincoln District Court.*—Hon. J. W. SHEAFOR, Judge.

Messrs. O'DONNELL, GRAHAM & O'DONNELL, for plaintiff in error.

Mr. HENRY TROWBRIDGE, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendants in error, on the 21st day of February, 1911, obtained a judgment in the district court of Lincoln county, against the Denver Horse Importing Company, in the sum of $4,400, and for costs of suit. From this judgment an appeal was prayed and allowed to this court. The appeal bond required by order of the district court was filed in that court on the 27th day of February, 1911, with the plaintiff in error, the National Surety Company, as surety. June 3, 1911, upon a short transcript, the appeal was dismissed, and the remittitur issued. On the 8th day of August, 1911, the record was entered here as upon error, and a supersedeas allowed. After this, and after the remittitur had been lodged in the district court, and on the 14th day of October, 1911, upon motion of the defendants in error here, the district court rendered judgment upon the appeal bond in the sum of $4,780.75, being the amount of the said judgment theretofore rendered, together with interest and costs. The plaintiff in error was duly notified of such motion, and was present by counsel in court, and objected to the rendition of such judgment. The objection urged was that under the state of facts presented, the court was

without jurisdiction to enter the judgment at that time. Section 397 of the civil code provides:

"The dismissal of an appeal may, by order of the court, be made without prejudice to another appeal or writ of error; but unless another appeal or supersedeas be taken or allowed within thirty days after such dismissal, the dismissal of an appeal or writ of error shall operate as an affirmance of the judgment of the trial court, so as to make the sureties upon the undertaking given by the appellant or plaintiff in error, liable on such undertaking."

By the act of 1907, section 422 of the civil code was amended so as to include the following provision:

"If the appeal be from a judgment or decree directing the payment of money, the appeal bond shall also provide that if the appellant does not make payment of said judgment or decree and the interest and costs within thirty days after the filing of the remittitur from the supreme court in the court from which the appeal is taken, on motion of the obligee in said bond, judgment shall be entered in the court from which the appeal is taken, in his favor, against the sureties for such amount as may be awarded against the appellant on appeal. No execution shall issue on such judgment against the sureties, however, until a writ of *scire facias* shall issue and be served on such sureties, in the manner in which summons may be served, requiring them to show cause before the court, by a day to be therein named, no less than five days after the service of said writ, why execution should not be issued against them, and no appeal by said sureties from the judgment of the court thereon shall lie."

Section 401 of the civil code provides that a writ of error shall not be brought after the expiration of three years from the rendition of the judgment complained of. Section 402 provides that no writ of error shall operate as a supersedeas except upon order of the court or judge, the writ be made a supersedeas, nor until a bond be filed as in case of appeals. These sections of the statute were in effect at the time, and are controlling in this case. The

contention of the plaintiff in error is, in substance, that section 397, when construed in connection with other sections of the code related thereto, must be construed as intending, that when an appeal has been dismissed, and a new obligation for the judgment entered into upon order granting a supersedeas within thirty days after the dismissal, the surety upon the new bond thus given shall be liable; but that if more than thirty days elapses, as in this case, between the time of dismissal and that of giving the supersedeas bond, then the appeal bond shall remain effective, and in such event the holder of the judgment can, if the judgment be finally affirmed, have recourse upon either or both sets of sureties, being restricted -to one satisfaction of the judgment. That is to say, that while the defendant in error is liable upon its appeal bond, such liability does not mature until the judgment is affirmed, admitting, however, that if the writ of error had not been made a supersedeas, the liability upon the appeal bond would immediately accrue.

On the other hand, as we understand it, the defendants in error contend that inasmuch as the supersedeas was not allowed until more than thirty days had elapsed from the date of dismissal, the dismissal acted as an affirmance of the judgment, and that they are entitled to immediate judgment on the bond, and to execution thereon, regardless of the fate of the judgment in this court. This was the view of the district court. The question here presented has not been determined by this court. All cases involving the rights of judgment creditors under section 397 of the code of civil procedure, in so far as hitherto determined, have involved an appeal bond wherein the appeal had for some reason been dismissed, and wherein this court has not again assumed jurisdiction by a new appeal, or by writ of error, either within or after thirty days from the date of dismissal. In the case at bar, after the appeal had been dismissed, this court had again assumed jurisdiction by the issuance of its writ of error, and had superseded the judgment for which the appeal bond had been given, though not within

the thirty days provided by the statute. It must be conceded that the statutes allowing writs of error to be brought within three years from the date of judgment; the causing of such writs to act as supersedeas; together with the power given to this court to re-enter dismissed appeal cases as on error, are all effective in this particular case, and must be construed together and in connection with the other statutes under consideration. The power of the court to suspend the execution of the original judgment, by granting the supersedeas in this case, cannot be questioned, and that case is before us for review and final determination as in any other case on error wherein the judgment has been superseded. It cannot be said that this power and authority was intended to be limited by the provisions of section 397 of the civil code. Then the judgment, to satisfy which the appeal bond involved in this action was given, is suspended by this court pending review and determination, and as effectively so, as if the former appeal had never been taken. It is a rule of statutory construction, approved by the appellate courts of this state, that where there is ground for dispute as to the intent of the legislature, and meaning of the statutes, we should consider the results of any such construction, and it is always presumed that the legislature, in the enactment of a statute, seeks to obtain reasonable results and practical objects. Further, that it is always true that a thing apparently within the letter of the act is not within the statute unless it be likewise within the evident intention of the legislature. That an intention must always be deduced from a construction of the whole and every part of the statute. The occasion and necessity of the law and the mischief to be remedied and the object in view are always to be taken into account in determining the intention. It cannot be assumed that the legislature intended to impose farcical proceedings upon this court, or upon litigants, particularly where these may result in great injustice; for this might well be the result in this case. The legislature has conferred the unequivocal right upon the Horse Importing Company to

have the judgment against it reviewed and determined by this court; and before the present judgment upon the appeal bond was rendered, that company had in a lawful way elected to exercise that right, and the court had assumed the burden imposed by the statute to determine the rights of the parties. The whole matter was, therefore, at the time, pending in this court, with the rights of the judgment creditors duly safeguarded by the supersedeas bond as provided by the statute. Then, if this court shall find its duty to be, to reverse and vacate the judgment which the appeal bond was given to protect, the appeal bond and the supersedeas bond by their very terms have served their purpose, and there can be no longer a liability thereunder. In such a case, can it be said that the legislature intended that the surety should pay the judgment, regardless of its fate in this court? Such would be the limit in absurdity. It is well to consider the relation of an appeal or a supersedeas bond to the judgment suspended by either, or, as in this case, both of them. In the case of *Rockwell v. District Court*, 17 Colo. 118, 29 Pac. 454, 31 Am. St. 265, it was said:

"An appeal is in no sense a substitute for the judgment appealed from. It operates to suspend the enforcement of the judgment for a limited time; but it does not take the place of, nor nullify the judgment. On the contrary, notwithstanding the appeal bond, the judgment may be affirmed and thus all barriers to its enforcement may be removed. In that case does the appeal bond become void and without force and effect? Clearly not; it then becomes for the first time an available security for the payment of the judgment. While the enforcement of the judgment is suspended by the appeal, the bond is but a contingent security, and appellee can have no remedy upon it. It is only when the original judgment becomes enforceable by affirmance, or by the failure of the appeal, that appellee can resort to his action upon the bond. Thus, it is apparent that the appeal bond is not a substitute for the original judgment. Its vitality depends upon the sur-

vival of the judgment. Its fate is inseparably linked
with the judgment. If the judgment be reversed, the
obligation of the appeal bond becomes void; if the judg-
ment be affirmed, the obligation remains in full force
and effect. Such, in substance, is the language,—such is
the legal tenor and effect of the bond.''

Surely, the judgment creditors, by reason of the
supersedeas and action pending in this court, could not
have enforced the execution of the former judgment at
the time the court allowed the judgment on the appeal
bond. It would be a singular state of the law, and con-
trary to every sense of reason and justice, that judgment
and execution on the appeal bond might be allowed at a
time when the judgment itself was superseded, for, as
this court has declared in *Rockwell v. District Court,*
*supra,* while the enforcement of the judgment is sus-
pended by the appeal, the bond is but a contingent secur-
ity, and appellees can have no remedy upon it. The de-
fendants in error claim, and can claim, only under section
397 of the civil code. This section clearly creates noth-
ing greater than a liability, the enforcement of which
must be by action at law, as in case of other liability.
This section does not authorize the judgment and execu-
tion against the sureties on the bond in the main case, as
in case of final determination by this court. The lan-
guage of this section is that the dismissal of an appeal
or writ of error, shall operate as an affirmance of the
judgment, so as to make the sureties upon the under-
taking given by the appellant or plaintiff in error liable
on such undertaking,—not to authorize the lower court
to render judgment and issue execution upon motion as
was done here. The section is clearly intended to permit
the dismissal of the appeal without prejudice, and to fix
the liability of the sureties in certain cases, and at a par-
ticular time, and there can be no serious question but
that the plaintiff in error is liable upon the bond upon
which the judgment in this case was ordered; but such
liability is a contingent one, and may become effective
only in case of the affirmance by this court of the judg-

ment pending, or where the dismissal is equivalent to a final disposition of the case. The defendants in error have cited, to sustain their contention, the following cases: *McMichael v. Groves,* 14 Colo. 540, 23 Pac. 1006; *Long v. Sullivan,* 21 Colo. 109, 40 Pac. 359; *Mueller v. Kelly,* 8 Colo. App. 527, 47 Pac. 72; *Wilson v. Welch,* 8 Colo. App. 210, 46 Pac. 106; *Callbreath v. Coyne,* 48 Colo. 199, 109 Pac. 428; *Shannon v. Dodge,* 18 Colo. 164, 32 Pac. 61; *Rockwell v. District Court,* 17 Colo. 118, 29 Pac. 454, 31 Am. St. Rep. 265. We have carefully considered all these cases, but find nothing in conflict with the conclusion we have reached in this case. The tenor of them may be epitomized in the statement in the opinion of Mr. Justice Elliot in *Rockwell v. District Court, supra*:

"In case of a breach of the condition of the bond, the statute authorizes the obligee to *maintain an action* thereon—not merely to bring an action, but to maintain it,—that is, to recover judgment upon it."

In other words, these cases simply confirm the statute in fixing the liability of the surety, if a new appeal or writ of error is not prosecuted within thirty days after the dismissal of the first appeal.

Clearly, it was not intended by this court to say that the liability should be enforced while the judgment itself was suspended by this court, pending a review and determination, for to so conclude would be to deny the aggrieved party the right to pursue his remedy allowed by the statute, and to deny to this court the power to re-enter on error appealed cases, which right carries with it the duty to fully consider and determine the same. To impose such a burden on sureties to an appeal bond is clearly such an injustice as was never contemplated by the statute. It is true that in the case of *McMichael v. Groves, supra,* there is language used in the opinion which would seem to indicate the contrary of the view herein expressed, but the question we are considering was not involved in that case, and such language must, therefore, be regarded as mere *obiter dictum.* That case was one where the appeal was dismissed, but without an order that

the same should be without prejudice. The question was upon a motion to dismiss a writ of error, allowed after the expiration of thirty days after the dismissal of the appealed case, and the court held that the writ should be dismissed, but for the sole reason that the appeal, having been dismissed without the saving clause, was a final disposition of the case. This was the only question before the court. It was, however, in that case distinctly held, that if the appeal had been dismissed without prejudice, the writ of error might be allowed at any time within three years from the rendition of the judgment.

We are of the opinion that the procedure under section 422, Rev. Stats. 1908, is not applicable, and was not intended to apply in the case of an appeal bond, in which the appeal has been dismissed without prejudice, but only in a case where the judgment has been expressly affirmed by the appellate court, or where the action of the court is in effect a final affirmance of the judgment, as in the case of *Rockwell v. District Court, supra,* where the order of dismissal was not without prejudice, and by reason of which, a writ of error could not thereafter lie.

This is made manifest by the last clause of said section, wherein an appeal from such judgment by the sureties is prohibited.

The right of the appellate court, under section 397 of the civil code, to dismiss an appeal without prejudice is permissive and not mandatory, and the power of this court, in its discretion, to decline to enter such an order is as absolute as before the enactment of the statute. Prior to the enactment of this section of the civil code, the dismissal of a writ of error or an appeal, without express affirmance of the judgment, operated absolutely, regardless of the ground relied on, as a nonsuit in the former instance, and as a discontinuance of the particular appellate proceeding in the latter. *McMichael v. Groves,* 14 Colo. 540, 23 Pac. 1006; *Freas v. Englebrecht,* 3 Colo. 377; *Monti v. Bishop, id.* 605. But by said section 397, the appellate court was empowered, by order duly entered, to permit another appeal or writ of error, either

of which, when duly perfected, must be held to stay execution of the judgment as effectually as in case of the original appeal.

The views herein expressed would seem to reasonably protect all parties in interest, and to give to each of the sections of the statute considered, an effective and harmonious purpose. We must not be understood as holding that if at the time of the issuance of an execution to enforce a judgment upon an appeal bond, where the judgment appealed from has not been suspended by order of this court, that judgment may not be rendered or that execution may not issue; but rather, that in a case where the judgment has been suspended by the appellate court, execution must not go against the sureties on the appeal bond until the judgment has become final, by action of this court; and when such action is had, then the judgment creditor may rely on either the appeal bond or the supersedeas bond, or both, but limited to the extent of the judgment.

The judgment is reversed.

MUSSER, C. J., and GABBERT, J., concur.