**HOLT GROUP, L.L.C., f/k/a
Holt & Stalder, L.L.C.,
Plaintiff–Appellee,**

v.

**Willie KELLUM and Kellum Enterprises,
Inc., Defendants,**

and

**Concerning Pioneer General Insurance
Company, Surety–Appellant.**

No. 09CA0959.

Colorado Court of Appeals,
Div. IV.

Aug. 5, 2010.

Sweetbaum, Levin & Sands, P.C., Alan D. Sweetbaum, Denver, Colorado, for Plaintiff–Appellee.

No Appearance for Defendants.

Pendleton, Friedberg, Wilson & Hennessey, P.C., L. Jay Labe, Denver, Colorado, for Surety–Appellant.

Opinion by Judge DAILEY.

Pioneer General Insurance Company (Pioneer) appeals the trial court's order (1) allowing plaintiff, The Holt Group, L.L.C. (Holt), to execute against a supersedeas bond for $91,120 and (2) requiring the balance of the bond to remain in effect during a second appeal of a $210,364 attorney fee award entered in favor of Holt. At issue in this appeal is the extent of Pioneer's obligation as surety for defendants, Willie Kellum and Kellum Enterprises, Inc. (collectively Kellum), in the underlying action.

We affirm in part and reverse in part the trial court's order, and remand with directions.

## I. Background

In the underlying action, Holt, a law firm, sued Kellum for $244,371 in unpaid attorney fees. A jury, however, determined that Holt was entitled to only $27,849 in unpaid attorney fees. The trial court entered judgment for that amount and, under a prevailing-party provision of the retainer agreement, awarded Holt $210,364 for attorney fees and costs incurred in litigating the case.

Kellum appealed the judgment and fee award and, through Pioneer, posted a $306,000 supersedeas bond to stay execution of judgment on those matters during the appeal.

On appeal, a division of this court affirmed the underlying $27,849 judgment but vacated the attorney fee award and remanded it for reconsideration in light of, and findings with respect to, the factors listed in Colo. RPC 1.5. *See Holt Group, L.L.C. v. Kellum,* 2008 WL 2379204 (Colo.App. No. 07CA0534, June 12, 2008) (not published pursuant to C.A.R. 35(f))(*Holt I* ).

Before *Holt I* was decided, however, Holt obtained a supplemental award of $38,403 in attorney fees and costs incurred in post-judgment, post-initial attorney fee award litigation. Kellum unsuccessfully appealed the supplemental award of attorney fees and costs. *Holt Group, L.L.C. v. Kellum,* 2008 WL 5179718 (Colo.App. No. 07CA2580, Dec. 11, 2008)(not published pursuant to C.A.R. 35(f))(*Holt II* ) (affirming supplemental award).

On remand of *Holt I,* the trial court, after entering findings of fact pursuant to Colo. RPC 1.5, reinstated its award of $210,364 in attorney fees.

Subsequently, Holt filed a motion for release of $91,120 in supersedeas bond funds, representing the amount of the judgments affirmed in *Holt I* and *II* (i.e., the $27,849 jury verdict and the $38,403 supplemental attorney fee award) plus accrued interest. Pioneer objected, arguing that Holt was only entitled to $27,849 plus appropriate interest because the $38,403 award in supplemental fees was outside the scope of the bond and therefore not covered. Pioneer further argued that the remainder of the bond should be discharged because (1) Kellum had successfully overturned the original $210,364 attorney fee award in *Holt I* and (2) bond funds should not be made available to satisfy any part of the reinstated $210,364 fee award, which Kellum had again appealed in *Holt Group, L.L.C. v. Kellum*, (Colo.App. No. 09CA0650, Aug. 5, 2010) (*Holt III* ).

The trial court ordered the requested $91,120 in bond funds released to Holt and ordered Pioneer to retain the balance of the bond for additional disbursements related to the $210,364 attorney fee award.

On appeal, Pioneer presents two main arguments. First, it contends that the trial court erred when it determined that the $38,403 in supplemental attorney fees was a cost covered by, and therefore recoverable by Holt under, the terms of the supersedeas bond. Second, it contends that the trial court erred in holding the supersedeas bond not discharged, but still in effect, with respect to the $210,364 fee award which had been vacated by the division in *Holt I*, reinstated on remand, and appealed in *Holt III*.

As set forth more fully below, we agree with Pioneer's first, but not its second, contention. Our analysis takes into consideration that two judges presided over these proceedings in the trial court: Judge Naves presided over all proceedings except for the hearing to determine the amount of the supersedeas bond, over which Judge Rappaport presided.

## II. Pioneer's Responsibility for Payment of the Holt II Supplemental Fee Award

■ Pioneer contends, and we agree, that the trial court erred in determining that Holt could execute against the bond for the $38,403 award of supplemental attorney fees, plus interest.

In its order, the trial court concluded that the bond "plainly states that the 'judgment' [sic] of the Court is for $306,000.00" and that "Pioneer is responsible for the amount of the judgment plus 'all costs' awarded against [Kellum]." The trial court then concluded that the $38,403 were "costs" of the case and, thus, covered by the bond.

■ Supersedeas bonds serve an important role in protecting an appellee's judgment on appeal. *See Muck v. Arapahoe County Dist. Court*, 814 P.2d 869, 873 (Colo. 1991); *see also, e.g., Neeley v. Bankers Trust Co.*, 848 F.2d 658, 660 (5th Cir.1988) ("A supersedeas bond protects the appellee from the inherent risks, such as subsequent insolvency of the appellant, associated with the delay in enforcement of the ... judgment while the appeal proceeds."); *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979) ("A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.").

■ "The extent of [a surety's] liability under the supersedeas bond must be determined in accordance with the real or presumed intention of the parties." *Aviation Credit Corp. v. Conner Air Lines, Inc.*, 307 F.2d 685, 688 (5th Cir.1962). Consequently, we look to the terms of a supersedeas bond to determine the extent to which a surety is bound. *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572, 1574 (Fed.Cir.1991); *see also* Arthur Stearns, *The Law of Suretyship* § 10.2, at 356 (5th ed. 1951) ("The surety ... cannot be held liable beyond the terms of the bond.").

■ Because "the obligation of sureties upon bonds is *strictissimi juris*," it is "not to

be extended by implication or enlarged construction of the terms of the contract entered into." *Crane v. Buckley,* 203 U.S. 441, 447, 27 S.Ct. 56, 51 L.Ed. 260 (1906).

■ The interpretation of a bond's terms, like those of any other contract, is a matter of law. *Beatrice Foods Co.,* 930 F.2d at 1574. Thus, with respect to the bond with which we are concerned here, our review is de novo. *Savage v. Williams Prod. RMT Co.,* 140 P.3d 67, 69 (Colo.App.2005) ("The interpretation of a contract is a question of law that we review de novo.").

In pertinent part, the bond here provides that Pioneer "shall if the judgment of the District Court be against [Kellum] perform such judgment or decree of said court and pay all such cost as may be awarded against [Kellum] of such appeal" not to exceed $306,000.

At the hearing to determine the amount of the supersedeas bond, Judge Rappaport set the bond amount at $306,000, a figure arrived at by multiplying the combined $27,890 jury verdict and the $210,364 prevailing-party attorney fees award by 125%. *See* C.R.C.P. 121 § 1–23(3)(a) ("Unless the court otherwise orders, or any applicable statute directs a higher amount, the amount of a supersedeas bond to stay execution of a money judgment shall be 125% of the total amount of the judgment entered by the court (including any prejudgment interest, costs and attorney[ ] fees awarded by the court).").

At the hearing, Holt had requested that the trial court include an additional $38,403 in its calculation of the judgment the supersedeas bond would secure. Holt argued this amount, consisting of supplemental attorney fees not yet reviewed by the court, was nevertheless subject to inclusion in the bond. Judge Rappaport excluded this amount from the calculation of the bond, choosing to follow the statute strictly and include only those amounts already reduced to final judgment plus prejudgment interest, costs, and attorney fees. Soon thereafter, Kellum and Pio-

neer executed the supersedeas bond at issue here.

Two weeks later, Judge Naves reduced Holt's request for the additional $38,403 supplemental attorney fees award to judgment, which judgment was affirmed on appeal in *Holt II.*

Following the appeal in *Holt II,* and approximately two years after the supersedeas bond had been executed, Judge Naves concluded, in the order granting Holt's motion for release of bond, that the additional $38,403 were "costs" covered by the plain language of the bond.

Our review convinces us that the $38,403 judgment which Judge Naves characterized as "costs" was not an amount contemplated under the supersedeas bond,[1] and that to award Holt that amount (plus interest) from the bond expands the bond beyond its intended scope and holds Pioneer to an obligation for which it did not contract. *See Crane,* 203 U.S. at 447, 27 S.Ct. 56 (bonds cannot be extended by implication or enlarged by interpretation); *Aviation Credit Corp.,* 307 F.2d at 688 (the intention of the parties controls the terms of a supersedeas bond).

Furthermore, the bond states Pioneer shall "perform such judgment or decree … and pay all such cost as may be awarded against [Kellum] *of such appeal.*" (Emphasis added.) Because the $38,403 in supplemental attorney fees was awarded after execution of the supersedeas bond and was subject to a separate appeal, it cannot be fairly characterized as a judgment "of such appeal" covered by the supersedeas bond.

■ In its answer brief, Holt argues that if the trial court's order was improper, the error was harmless because Holt has expended far more than $38,403 in appellate attorney fees, which it is entitled to recover as the prevailing party under the decision in *Holt I.*

■ "An error is harmless unless it affects justice or the substantial rights of the parties." *Paris v. Dance,* 194 P.3d 404, 406

---

1. We note that at the time Judge Naves issued the order granting Holt's motion for release of bond, he did not have the benefit of a written transcript of the hearing held by Judge Rappa- port, which may explain some of the confusion about what judgments and awards the supersedeas bond covers.

(Colo.App.2008)(citing C.R.C.P. 61 and *Waneka v. Clyncke,* 134 P.3d 492, 494 (Colo. App.2005), *aff'd,* 157 P.3d 1072 (Colo.2007)). Here, we cannot conclude the error is harmless. While Holt may have expended many hours during the appeals process, we note, first, that an award of attorney fees was authorized only in connection with *Holt I* and not in connection with *Holt II* or *III,* and, second, that the fees authorized by *Holt I* have neither been quantified nor reviewed for reasonableness. Because it is purely speculative to suggest, in any event, that Pioneer owes Holt more than $38,403 plus interest, we cannot conclude that the error in requiring Pioneer to pay Holt that amount was harmless in fact or law.

Because we cannot conclude that the error was harmless, we must reverse this part of the court's order and remand to the trial court with directions to require disgorgement of $38,403, plus appropriate interest, from Holt, unless Holt establishes its right to any offset to which it is entitled from Pioneer.

### III. Discharge of the Supersedeas Bond with Respect to the $210,364 Attorney Fee Award

■ Pioneer next contends that the trial court erred in determining that the supersedeas bond should not be discharged with respect to the $210,364 attorney fee award which was vacated in *Holt I.* According to Pioneer, because Kellum prosecuted that part of the appeal "with effect," the terms of the bond were fulfilled and Pioneer was released from any further obligation with respect thereto. We are not persuaded.

Here, the supersedeas bond between Kellum and Pioneer provided, in pertinent part:

[T]he condition of this obligation is such that if [Kellum] *shall prosecute his appeal with effect* and shall if the judgment of the District Court be against him perform such judgment or decree of said court and pay all such cost as may be awarded against him of such appeal not to exceed the amount of the bond which is Three

hundred six thousand and no/100 dollars ($306,000.00).

(Emphasis added.)

Under this provision, the pertinent question is whether Kellum prosecuted the attorney fees part of *Holt I* "with effect." [2]

■ In the context of supersedeas bonds, "with effect" has been interpreted to mean that "[i]f, on the final disposition of a writ of error or appeal, the judgment or decree brought under review is not substantially reversed, it is affirmed and the writ of error or appeal has not been prosecuted with effect." *Gay v. Parpart,* 101 U.S. 391, 392, 25 L.Ed. 841 (1879). Stated another way, "prosecuting an appeal with effect" is "an expression substantially equivalent to prosecuting [an] appeal with success; to make substantial and prevailing his attempt to reverse the decree or judgment awarded against him." *Crane,* 203 U.S. at 447, 27 S.Ct. 56. Consequently, it is necessary for us to determine whether Kellum "substantially" prevailed in *Holt I,* releasing the bond and Pioneer's obligation.

■ "If, after an appeal, there remains a question of whether *any* compensable harm was done, then the bond may be allowed to lapse.... An appeal has been prosecuted to effect, then, when appellee must still prove on remand that he suffered a compensable harm." *Beatrice Foods,* 930 F.2d at 1576 (emphasis in original); *see also Neeley,* 848 F.2d at 659–60.

> Conversely, when an appellee has proven that damages are due, and the remand is merely to determine the proper quantum of injury, then it is not unreasonable that the bond remain effective during this recalculation period. Put another way, when an appellant has merely succeeded in having the case remanded for recomputation of damages, it would be a stretch to say that the appeal was "substantially" successful, or that the judgment was "substantially" reversed.

**2.** Although, in its answer brief, Holt contends that Pioneer is barred from arguing that Kellum prosecuted his appeal "with effect" because Pioneer failed to raise this argument at the trial court level, our review of the record reveals that Pioneer raised this argument before the trial court in its response to Holt's motion for an order to show cause.

*Beatrice Foods Co.*, 930 F.2d at 1576; *see also Tenn. Valley Auth. v. Atlas Machine & Iron Works, Inc.*, 803 F.2d 794, 799 (4th Cir.1986) (holding that when a previous appeal results in an affirmation of liability and a remand for redetermination of damages, a surety remains liable under its supersedeas bond).

In *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063 (10th Cir.2008), the Tenth Circuit concluded that a supersedeas bond remains enforceable upon remand of an appellate ruling affirming liability but vacating the damages judgment and remanding for a new damages trial. *Id.* at 1071. The bond at issue in *Morrison* provided that if the appellant prosecuted his appeal "to effect" the bond would be discharged. *Id.* at 1068. The court reasoned that the appellant had not "substantially prevailed" upon its first appeal because the court had determined the appellee was entitled to damages, but could not quantify those damages due to a procedural defect at the trial court level. *Id.* at 1071. We find *Morrison* persuasive and follow its rationale here.

In this case, *Holt I* affirmed the judgment of the trial court, vacated the attorney fee award, and remanded for reconsideration *of the amount of fees* in light of Colo. RPC 1.5. Contrary to Pioneer's assertion, the division in *Holt I* never questioned, much less vacated for reconsideration, the issue of *whether Holt was entitled to any fees*. Indeed, the division in *Holt I* intimated just the opposite: it upheld, against Kellum's attack, Holt's underlying judgment and ordered Holt be awarded prevailing-party attorney fees incurred on appeal.

Because the division in *Holt I* disturbed only the amount of, and not Kellum's basic responsibility to pay, Holt's attorney fees, we conclude that Kellum did not prosecute the appeal in *Holt I* to the "effect" required to allow for the discharge of the supersedeas bond as it related to attorney fees.

In reaching this conclusion, we reject Pioneer's reliance on *National Surety Co. v. Schafer*, 57 Colo. 56, 140 P. 199 (1914). In *National Surety*, the supreme court noted: "[I]f this court shall find its duty to be to

reverse and vacate the judgment which the appeal bond was given to protect, the appeal bond and the supersedeas bond, by their very terms, have served their purpose, and there can be no longer a liability thereunder." 57 Colo. at 60, 140 P. at 201.

In *National Surety*, however, the supreme court reversed the entire judgment in favor of Schafer, whereas in *Holt I* the division affirmed that Kellum was liable to Holt, but for an as-yet undetermined amount. *National Surety* is, then, distinguishable from the present case.

Based on the foregoing, we conclude the supersedeas bond remains enforceable, and thus that Pioneer continues to be liable, with respect to the attorney fee award that was the subject of *Holt I* and is the subject of *Holt III*.

### IV. Appellate Attorney Fees

■ Both parties request appellate attorney fees under C.A.R. 39.5. Pursuant to C.A.R. 39.5, if attorney fees are otherwise recoverable for a particular appeal, the party claiming them must specifically request them, and state the legal basis therefor, in its principal brief in the appellate court. Because, in the opening brief, Pioneer did not state a legal basis for its request, we deny its request.

■ Holt, on the other hand, has stated a "legal basis" for its request, that is, C.A.R. 38(d). Under C.A.R. 38(d), we are authorized to award "just damages and single or double costs to the appellee" when a frivolous appeal is filed. The successful part of Pioneer's appeal cannot be characterized as "frivolous," and the remaining part of its appeal was not so futile, irrational, or unjustified as to warrant an award of fees for a frivolous appeal. *See Wood Bros. Homes, Inc. v. Howard*, 862 P.2d 925, 934 (Colo. 1993). Therefore, we decline to award Holt its attorney fees in this appeal.

The order is affirmed insofar as it requires the supersedeas bond to remain in effect with respect to the $210,364 attorney fee award; the order is reversed insofar as it authorizes Holt to execute against the bond for $38,403, plus interest, in connection with

the supplemental attorney fee award upheld in *Holt II;* and the case is remanded to the trial court with directions to require disgorgement of $38,403, plus appropriate interest, from Holt, unless Holt establishes its right to any offset to which it is entitled from Pioneer.

Judge CARPARELLI and Judge HAWTHORNE concur.